IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ROBERT and TRACI FINLAY,

    Plaintiffs,

v.

THOMAS LANDIS, LLC and
CAVALRY PORTFOLIO SERVICES, LLP,

    Defendants.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4.    Plaintiffs, ROBERT and TRACI FINLAY ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Miami-Dade, and City of Miami.

5.    Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, THOMAS LANDIS, LLC, ("Thomas Landis") is a limited liability company who at all relevant times was engaged, by use of telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant Thomas Landis is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, CAVALRY PORTFOLIO SERVICES, LLP ("CAVALRY") is a limited liability partnership who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Defendant Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiffs obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than THOMAS LANDIS, LLC arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. THOMAS LANDIS, LLC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. CAVALRY PORTFOLIO SERVICES, LLP purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. CAVALRY PORTFOLIO SERVICES, LLP acquired Plaintiffs' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. CAVALRY is thoroughly enmeshed in the debt collection business, and CAVALRY is a significant participant in THOMAS LANDIS, LLC's debt collection process.

16. Defendant Thomas Landis, via its agent and/or employee "Lance Kane," contacted Plaintiffs via telephone call, and at such time, Defendant Thomas Landis, itself and on behalf of Defendant Cavalry, falsely represented the character, amount and/or legal status of Plaintiffs' debt.

17. Defendant Cavalry placed two of the Plaintiffs' credit card accounts with Defendant Landis for collection. Plaintiffs entered into an agreement with Defendants on May 25, 2010 to settle the two accounts, as well as a third account that a separate debt collection law firm, Bronson, Cawley & Bergman, LLP ("BCB"), was collecting from Plaintiffs on behalf of Defendant Cavalry for a total of $15,000.00.

18. Plaintiffs paid the Defendants $10,000.00 on June 1, 2010 via ACH withdrawal. However, BCB objected to Defendant Landis settling the third account without its authority, and in response, Defendants modified the settlement agreement to remain at a total of $15,000.00 to be paid by the Plaintiffs, but a portion of such amount to be paid directly to BCB.

19. Plaintiffs agreed to the modified terms on June 3, 2010 which required Plaintiffs to pay BCB $2,500.00 on or before June 30, 2010 and $2,000.00 on or before July 31, 2010. The agreement also required Plaintiffs to pay Defendant Landis $500.00 on or before July 31, 2010.

20. Plaintiffs paid $2,500.00 on June 29, 2010 to BCB, $900.00 on July 21, 2010 to Defendant Landis and $2,000.00 on July 27, 2010 to BCB pursuant to the terms of the agreement. However, Defendant Cavalry resubmitted the debt to Defendant Landis for

collection, and Defendants are claiming, attempting, or threatening to enforce a debt that they know is not legitimate.

21.     Defendant Thomas Landis, LLC, via its agent and/or employee "Lance Kane," contacted Plaintiffs via telephone call no fewer than five (5) occasions, including but not limited to, January 17, 2011 at 1:41 P.M. and January 19, 2011 at 5:21 P.M., and in each instance, left a voicemail message in which it failed to notify Plaintiffs that the communication was from a debt collector.

22.     Defendant Thomas Landis, LLC, entered into an agreement with Plaintiffs to automatically withdraw $500.00 from Plaintiffs' bank account on or before July 31, 2010. However, Defendant Thomas Landis unfairly and unconscionably withdrew $900.00 from Plaintiffs' account without notice in writing given to Plaintiffs not more than ten nor less than three days before said withdrawal.

23.     On February 17, 2011, Plaintiffs' attorney sent notice to Defendants informing them that Plaintiffs were represented by counsel. The notice demanded that Defendants cease contacting Plaintiffs and that all future contact is done through Plaintiffs' attorney. (See February 17, 2011 noticed attached hereto as Exhibit "A").

24.     Defendant Cavalry contacted Plaintiffs on April 1, 2011 and April 6, 2011, despite receiving notice from Plaintiffs' attorney to not contact Plaintiffs directly.

## **COUNT I**

25.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

26.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692(e)(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

27. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

28. Defendants violated 15 U.S.C. § 1692e(10) by using deceptive practices in connection with collection of an alleged debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692(e)(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

29. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

30. Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692(e)(11);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

31. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

32. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means against the Plaintiffs in connection with an attempt to collect a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692(e)(10);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

33. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

34. Defendants violated 15 U.S.C. § 1692f(1) by collection an amount from Plaintiffs that is not expressly authorized by the agreement created the debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692(f)(1);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

35. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

36. Defendants violated 15 U.S.C. § 1692f(2) by failing to notify Plaintiffs in writing not more than ten nor less than three days before depositing a post-dated check that was post-dated by more than 5 days.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692(f)(2);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

37. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24.

38. Defendants violated 15 U.S.C. § 1692h by, where Plaintiffs owe multiple debts, applying any single payment made by Plaintiffs to any debt collector with respect to such debts

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692h;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA

39. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, paragraphs 1 through 24 of this complaint.

40. Defendants violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate.

41. As a result of Defendants' violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, ROBERT and TRACI FINLAY, by and through their attorneys, respectfully pray for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiffs' attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT IX
## VIOLATIONS OF THE SECTION 559.72(18) OF THE FCCPA

42. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, paragraphs 1 through 24 of this complaint.

43. Defendants violated §559.72(18) of the Florida Consumer Collection Practices Act by communicating with Plaintiffs in connection with collection of an alleged debt despite knowing that Plaintiffs were represented by an attorney, without the Plaintiffs' direct consent.

44. As a result of Defendants' violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, ROBERT and TRACI FINLAY, by and through their attorneys, respectfully pray for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiffs' attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

### TRIAL BY JURY

39. Plaintiffs are entitled to and hereby demands a trial by jury.

Respectfully submitted this 20th day April, 2011.

Respectfully submitted,
**ROBERT and TRACI FINLAY**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com